72 F.3d 137
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 La-Rye V. AVILIA, Plaintiff-Appellant,
v.
L.A. HESSE, Frank Miller, and Susan Jones, Defendants-Appellees.
 No. 95-1308.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1995.
 
 Before TACHA, BALDOCK and BRISCOE, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BRISCOE, Circuit Judge.
 
 
 1
 Plaintiff La-Rye Avila, an inmate at the Colorado State Penitentiary, filed this pro se action pursuant to 42 U.S.C.1983, alleging his due process rights were violated when a prison disciplinary hearing officer found him guilty of assaulting a guard. The district court granted summary judgment in favor of defendants. Avila has appealed, asking this court to reverse and remand for further proceedings. We affirm the judgment of the district court.[2]
 
 
 2
 At all times relevant to this case, Avila was incarcerated at the Centennial Correctional Facility (CCF) in Canon City, Colorado. On July 10, 1993, Avila was accused of throwing a food tray at Sergeant David Linam, a prison guard. Avila was advised of the charge on July 15, 1993, and a disciplinary hearing was conducted on July 23, 1993.
 
 
 3
 At the disciplinary hearing, Linam testified by telephone that Avila threw his food tray at Linam as Linam was passing Avila's cell. Linam further testified that he felt threatened by this action. Avila and another inmate testified that the tray was not thrown at Linam, but instead had been knocked off the cell tray slot. Defendant Susan Jones, the hearing officer assigned to hear the charge, subsequently found Avila guilty of assault, which is defined under the Colorado Department of Corrections Code of Penal Discipline 6(a)(4) as follows:
 
 
 4
 Assault--an inmate commits this offense when he intentionally causes or threatens to cause injury to another person or applies any physical force or offensive substance (such as feces, urine or mucus) or any other item against any person regardless of whether or not injury occurs.
 
 
 5
 Avila appealed the hearing officer's findings. The hearing officer's findings were upheld by defendant Frank Miller, a superintendent at CCF.
 
 
 6
 On August 1, 1994, Avila filed this 1983 action against defendants Jones, Miller, and L.A. Hess, the warden at CCF. Defendants subsequently filed a motion to dismiss or, in the alternative, for summary judgment. On November 18, 1994, the magistrate judge issued a written recommendation that defendants' motion be granted. On July 12, 1995, the district court adopted the magistrate judge's recommendation and granted summary judgment in favor of defendants. Avila filed a timely notice of appeal with this court.
 
 
 7
 In his appellate brief, Avila asserts the district court erred in granting summary judgment in favor of defendants. In particular, he contends the district court erred in concluding there was sufficient evidence to support the hearing officer's finding of guilt on the charge of assault. Avila also argues the district court erred in granting qualified immunity to defendants. Finally, Avila argues the district court improperly "made credibility determinations, and weighed evidence and drew inferences from the facts that are clearly the functions of a jury, not a judge on summary judgment ruling."
 
 
 8
 This court reviews the district court's grant of summary judgment de novo, applying the same standard as the district court under Fed.R.Civ.P. 56(c). Universal Money Centers v. AT & T, 22 F.3d 1527, 1529 (10th Cir.), cert. denied, 115 S.Ct. 655 (1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir.1990). If there is no genuine issue of material fact in dispute, this court must determine whether the district court correctly applied the law. Id.
 
 
 9
 Having reviewed the record on appeal, we find no merit to Avila's arguments. We agree with the district court that Linam's testimony was sufficient to allow the hearing officer to conclude, under the preponderance of evidence standard set forth in the Code of Penal Discipline, that Avila was guilty of assault. Accordingly, we find that no genuine issues of fact existed with respect to Avila's alleged due process violations. See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 10
 We also agree with the district court that defendants are entitled to qualified immunity. There is simply no evidence in the record to suggest that defendants violated any of Avila's well-established constitutional rights. See Anderson v. Creighton, 483 U.S. 635, 639-40 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982). We reject Avila's contention that the district court improperly weighed the evidence or made credibility determinations based upon the evidence. The record on appeal demonstrates only that the district court reviewed the testimony presented at the disciplinary hearing and concluded there was sufficient evidence to support the hearing officer's determination of guilt.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, the court has determined that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument